IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO,<br><br>    Plaintiff,<br><br>    v.<br><br>DUSTIN CAMPBELL, et al.,<br><br>    Defendants. | No.  2:23-CV-1242-KJM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1 concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff initiated this action with a pro se complaint filed on June 28, 2023.  See ECF No. 1.  In this 22-page pleading, Plaintiff named eight individual defendants.  See id. at 2, 3.  Plaintiff alleged events occurring at both California State Prison – Sacramento and Pelican Bay State Prison.  See id. at 1.  Prior to screening of the original complaint, Plaintiff filed the pending first amended complaint as of right on July 14, 2023.  See ECF No. 9.  This pleading is 182 pages long, consisting entirely of Plaintiff's hand-written allegations.  See id.  Plaintiff now names 201 individual defendants.  See id. at 2-9.  A number of these defendants are alleged to be prison officials at Salinas Valley State Prison.  See id.  It thus appears that Plaintiff's claims now include allegations related to events at three separate prisons – California State Prison – Sacramento, Pelican Bay State Prison, and Salinas Valley State Prison.  Finally, Plaintiff's first amended complaint appears to be incomplete in that the first page of the pleading is page 5 of this Court's form civil rights complaint for state prisoners.  See id. at 1.  Not included with the filing are pages 1-4 of the form complaint and, as a result, a number of key allegations, such as those related to jurisdiction and exhaustion of administrative remedies, are not contained within the current operative pleading.

///
///
///
///

## II.  DISCUSSION

Plaintiff's amended complaint suffers a number of crucial defects.  First, the amended complaint violates Rule 8 because it does not contain a short and plain statement of Plaintiff's claims.  Second, the amended complaint appears to violate Rules 18 and 20 with respect to joinder of claims and parties.  Third, the amended complaint is not complete and would require the Court to impermissibly refer to another pleading in order to make the amended complaint complete.  The principles associated with each defect are outlined in this order.  Plaintiff will be provided an opportunity to amend with these principles in mind.

### A.  **Short and Plain Statement**

First and foremost, the Court finds that Plaintiff's first amended complaint violates Federal Rule of Civil Procedure 8.  As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claims.  Here, Plaintiff's complaint spans 182 pages for claims against 201 defendants.  This pleading method does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  Plaintiff will be provided an opportunity to further amend his complaint to comply with Rule 8.

### B.  **Misjoinder**

Second, Plaintiff's amended complaint appears to violate Federal Rules of Civil Procedure 18 and 20. Federal Rule of Civil Procedure 18(a) limits the joinder of claims, whereas Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit.  Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Rule 20(a)(2) states:  "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."   Courts have recognized that when multiple parties are named, the analysis under Rule 20 precedes that under Rule 18.  See Herndon v. Mich. Dep't of

///
///

Corr., 2021 WL 1559156 at *2 (W.D. Mich. April 12, 2021).

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

Id. (citing 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1655 (3d ed. 2001), quoted in Proctor v. Applegate, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and Garcia v. Munoz, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); see also United States v. Mississippi, 380 U.S. 128, 142–43 (1965)).

Permissive joinder under Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20 is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Rule 20 sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917).

As to the first requirement, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" Hubbard v. Hougland, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000)). Additionally, "the mere fact that all [of a

plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351.

As to the second requirement, commonality under Rule 20 is not a particularly stringent test. See Johnson v. Shaffer, 2013 WL 140115, at *2 (E.D. Cal. Jan. 10, 2013) (citing Bridgeport Music, Inc. v. 11 C Music, 202 F.R.D. 229, 231 (M.D. Tenn. 2001)). The Rule requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20 ("any question of law or fact common to . . ."). "The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." Johnson, 2013 WL 140115, at *2 (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). And even if a court finds that the requirements have been met, "a district court must examine whether permissive joinder would 'comport with principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Company, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Desert Empire Bank, 623 F.2d at 1375 (finding that the district court did not abuse its discretion when it severed certain plaintiff's claims without finding improper joinder)).

Under Rule 20(b), the district court may sever claims or parties in order to avoid prejudice. Fed. R. Civ. P. 20(b). Courts have also exercised their discretion to sever where "[i]nstead of making the resolution of [the] case more efficient . . . joinder would instead confuse and complicate the issues for all parties involved." Rodriguez v. Tilton, 2013 WL 1163796, at *6 (E.D. Cal. Mar. 20, 2013) (quoting Wynn v. Nat'l Broad. Co., 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]")) (citing Coleman, 232 F.3d at 1350).

If, however, the requirements for permissive joinder are not satisfied, courts may look to Rule 21. Coughlin, 130 F.3d at 1350. Under Rule 21, where a court finds misjoinder, it may "drop a party" or "sever any claim against a party" as it considers just, but it may not dismiss the entire action. Fed. R. Civ. P. 21. In other words, where there is misjoinder, a court "has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any

5

claims against misjoined parties 'may be severed and proceeded with separately.'" DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006); see, e.g., Gilmore v. Bauder, No. 1:19-CV-01229-NONE-SKO, 2021 WL 634731 at *3 (E.D. Cal. Feb. 18, 2021) (dismissing severed claims without prejudice); see also Harrison v. Linde, No. 2:12-CV-2000 KJM CKD, 2013 WL 3872833 at *1 (E.D. Cal. July 25, 2013) (directing the clerk of court to assign a new case number for the severed claims). In determining which of the two remedial options should be applied, the court should consider the following factors, inter alia: (1) the relevant statute of limitations; (2) where the parties are in the discovery process; and (3) the past and future expenditures of both the court and the parties. See Robinson v. Geithner, No. 1:05-CV-01258-LJO-SKO, 2011 WL 66158 at *10 (E.D. Cal. Jan. 10, 2011). The remedial option the court chooses could have critical effects.

For example, "[w]hen a court 'drops' a defendant under Rule 21, that defendant is dismissed from the case without prejudice." DirecTV, Inc., 467 F.3d at 845 (citing Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068 (3d Cir. 1979)); see also Elmore v. Henderson, 227 F.3d 1009, 1011–12 (7th Cir. 2000) (Posner, J.). "When that occurs, the 'statute of limitations is not tolled' because we treat the initial complaint 'as if it never existed." DirecTV, Inc., 467 F.3d at 845 (citing Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). However, "when a court 'severs' a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." DirecTV, Inc., 467 F.3d at 845 (citing White v. ABCO Eng'g Corp., 199 F.3d 140, 145 n. 6 (3d Cir. 1999)); see also Jenkins v. Lares, No. 2:13-CV-2273-DB, 2017 WL 3381809 at *6-7 (E.D. Cal. Aug. 7, 2017).

Additionally, severance or dismissal of misjoined parties in cases brought by inmates under 28 U.S.C. § 1915(g) ensures that prisoners pay the required filing fees for each unrelated claim that should be brought in separate actions. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The inmate plaintiff in George brought a 50-claim, 24-defendant lawsuit and sought one fee waiver for the entire case. Id. In severing the case, the Court of Appeals for the Seventh Circuit noted that the inmate "was trying not only to save money, but also to dodge [28

U.S.C. § 1915(g)]." Id. Thus, the rule requiring severance of unrelated claims against unrelated defendants "is not only intended to avoid confusion that arises out of bloated lawsuits, but also to prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act." Blair v. CDCR, et al., No. 1:14-cv-01156-LJO-SAB, 2016 WL 5660320, at *14 (E.D. Cal. Jul. 15, 2016), report and recommendation adopted by, No. 1:14-cv-01156-LJO-SAB, 2016 WL 5470190 (E.D. Cal. Sept. 28, 2016).

The actual severance of claims may be effectuated by assigning claims to case numbers. See Jenkins, 2017 WL 3381809 at 7*. For example, in Jenkins the court severed the case into four separate actions, i.e., four separate claims. Id. The court assigned the case number of the original action to the plaintiff's first claim. Id. The court then directed the clerk of court to assign the three remaining claims to three different case numbers. Id.

In this case, Plaintiff names 201 defendants who are alleged to be prison officials at three separate California state prisons. It is impossible for the Court to fathom how these various claims and defendants could possibly be sufficiently related to satisfy Rules 18 and/or 20. Consistent with the principles and options outlined above, Plaintiff will be provided the opportunity to amend his claims in this case, file separate actions as to his various discreet claims, or seek severance of his various discreet claims.

### C. Incomplete Pleading

Finally, Plaintiff's first amended complaint is not complete in that it omits pages 1-4 of the Court's form civil rights complaint for prisoners. The Court cannot refer to a prior complaint in order to make an amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. Plaintiff will be provided the Court's complete form complaint, which he should fill out in its entirety for any further amended complaint.

///

///

///

///

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first complaint is dismissed with leave to amend.

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

3. The Clerk of the Court is directed to forward to Plaintiff the Court's form civil rights complaint for state prisoners.

Dated: May 17, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE