IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO, | No. 2:23-CV-1242-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| DUSTIN CAMPBELL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on June 28, 2023. See ECF No. 1. On July 14, 2023, before the Court could address the sufficiency of Plaintiff's complaint, Plaintiff filed a first amended complaint as of right. See ECF No. 9. On May 20, 2024, the Court issued an order addressing the sufficiency of the first amended complaint. See ECF No. 13. In dismissing the first amended complaint with leave to amend, the Court stated as follows:

> . . . Prior to screening of the original complaint, Plaintiff filed the pending first amended complaint as of right on July 14, 2023. See ECF No. 9. This pleading is 182 pages long, consisting entirely of Plaintiff's hand-written allegations. See id. Plaintiff now names 201 individual defendants. See id. at 2-9. A number of these defendants are alleged to be prison officials at Salinas Valley State Prison. See id. It thus appears that Plaintiff's claims now include allegations related to events at three separate prisons – California State Prison – Sacramento, Pelican Bay State Prison, and Salinas Valley State Prison. Finally, Plaintiff's first amended complaint appears to be incomplete in that the first page of the pleading is page 5 of this Court's form civil rights complaint for state prisoners. See id. at 1. Not included with the filing are pages 1-4 of the form complaint and, as a result, a number of key allegations, such as those related to jurisdiction and exhaustion of administrative remedies, are not contained within the current operative pleading.

ECF No. 13, pg. 2.

Plaintiff filed his first amended complaint on June 17, 2024. See ECF No. 14.

///

B.   **Plaintiff's Allegations**

Plaintiff now names the following the following 18 individual as defendants, all of whom are alleged to be current or former prison officials at California State Prison – Sacramento (CSP-Sac): (1) C. Rios, Correctional Officer, (2) D. Campbell, Correctional Officer, (3) C. Darling, Sergeant, (4) G. Stuhr, Sergeant, (5) J. Lynch, Warden, (6) G. Smith, Lieutenant, (7) V. Vitali, Lieutenant, (8) A. Konrad, Captain, (9) T. Karschner, Correctional Officer, (10) Mayhew, Correctional Officer, (11) J. Nguyen, Correctional Officer, (12) Dhillion, Correctional Officer, (13) C. Davis, Correctional Officer, (14) Mascadri, Correctional Officer, (15) P. Archie, Correctional Officer, (16) C. Strickland, Correctional Officer, (17) J. Anderson, Lieutenant, and (18) J. Stigelmayer, Lieutenant. See ECF No. 14, pgs. 2-3. Plaintiff alleges violations of his Eighth Amendment rights. See id. at 4-19. Plaintiff contends Defendants repeatedly tampered with Plaintiff's state-provided meals, withheld meals, and withheld Plaintiff's monthly canteen store supplies. Plaintiff claims that the ingestion of the tampered food caused excessive sickness to Plaintiff's body, including irritation, aches and pains, blurred vision, and digestive issues. Plaintiff alleges that the constitutional violations took place at CSP-Sac. See id. at 1.

Plaintiff contends in Claim I that from June 1, 2020, to July 7, 2021, he was housed at CSP-Sac within the Psychiatric Service Unit in Enhanced Outpatient custody against Plaintiff's consent. See id. at 4. During this time, Plaintiff states that he saw many officers and rival inmates deliberately tamper with Plaintiff's state meals and canteen store supplies. See id. Plaintiff contends that these officers maliciously weaponized the state foods as a use of excessive force to assault Plaintiff's body with poisoned food daily as retaliatory actions for reporting their misconduct. See id. Plaintiff states that on July 16, 2020, outside agency investigators Lt. Broddick and Lt. Brunkhorse conducted a video interview of Plaintiff regarding the incidents of alleged assault, battery, and attempted murder of Plaintiff by the officers. See id. Plaintiff asserts that, after this, the officers' conduct escalated and continued. See id. Plaintiff contends that Defendants Darling, Stuhr, Vitali, Smith, Konrad, and Lynch failed to take action to stop their subordinates' alleged activities. See id. at 5.

///

3

Plaintiff filed a grievance on September 7, 2020, reporting incidents of deliberate food tampering that caused Plaintiff irritation, aches, and pain.  See id.  More specifically, in this grievance Plaintiff claimed the following instances of being provided contaminated food:

    1.    Defendants Rios and Campbell served Plaintiff poisoned food on August 14, 2020, August 15, 2020, August 20, 2020, August 27, 2020, September 3, 2020, and September 5, 2020.  See id. at 5-6.

    2.    Defendant Karschner served Plaintiff poisoned food on August 16, 2020.  See id. at 6.

    3.    Defendant Mayhew served Plaintiff poisoned food on August 21, 2020.  See id.

    4.    Defendants Nguyen served Plaintiff poisoned food on August 22, 2020.  See id.

    5.    Defendants Mayhew and Karschner served Plaintiff poisoned food on August 24, 2020, August 25, 2020, August 26, 2020, August 31, 2020, and September 3, 2020.  See id. at 6-7, 8.

    6.    Defendant Dhillion served Plaintiff poisoned food on August 28, 2020.  See id. at 7.

    7.    Defendant Davis served Plaintiff poisoned food on August 29, 2020, and September 5, 2020.  See id. at 7, 8.

    8.    Defendants Davis and Mascadri served Plaintiff poisoned food on August 30, 2020.  See id. at 7.

    9.    Defendants Mayhew and Karschner served Plaintiff poisoned food on September 1, 2020.  See id. at 8.

    10.    Defendants Archie and Mayhew served Plaintiff poisoned food on September 4, 2020.  See id.

    11.    Defendants Mayhew, Karschner, Archie, Nguyen, and Davis "grouped" to serve Plaintiff poisoned food on September 7, 2020.  See id. at 8-9.

Plaintiff's grievance further asserted that, on October 15, 2020, Defendant Anderson acted against policy governing canteen restrictions and deprived Plaintiff of his monthly $60 canteen draw for 90 days.  See id. at 9.  Plaintiff states that Defendants Rios and Campbell are liable because they "were in charged [sic] of . . . canteen supply."  Id. at 10.

/ / /

/ / /

/ / /

1       Plaintiff next contends in Claim II that, after Plaintiff filed his grievance,
2  Defendants continued to poison Plaintiff with tampered food between December 2, 2020, and
3  December 29, 2020.  See id. at 11.  Plaintiff also alleges physical threats against him by
4  Defendants Davis and Archie, though Plaintiff does not describe the threats or state when they
5  occurred.  See id.  As to further food tampering, Plaintiff alleges the following additional specific
6  events occurring after he filed his grievance on September 7, 2020:

> 1. Defendants Davis and Archie served Plaintiff poisoned food on December 2, 2020, December 10, 2020, and December 15, 2020.  See id. at 11, 13.
>
> 2. Defendants Strickland and Archie served Plaintiff poisoned food on December 12, 2020.  See id. at 12.
>
> 3. On December 13, 2020, Defendant Strickland ordered "higher ups" to tamper with Plaintiff's food and himself served Plaintiff poisoned food.  See id. at 12-13.
>
> 4. On December 16, 2020, Defendant Davis threatened to kill Plaintiff.  See id. at 13.
>
> 5. On December 17, 2020, and December 24, 2020, December 19, 2020, and December 29, 2020, Defendant Archie refused to allow another staff member to provide Plaintiff with his meal and, instead, withheld his meal.  See id. at 13-14.
>
> 6. On December 22, 2020, and December 29, 2020, Defendants Archie and Davis refused to allow other staff members to provide Plaintiff with his meal and withheld Plaintiff's meal.  See id. at 14, 15.
>
> 7. On December 26, 2020, Defendants Archie and Strickland refused to allow other staff members to provide Plaintiff with his meal and withheld Plaintiff's meal.  See id. at 14.
>
> 8. On December 27, 2020, Defendant Strickland refused to allow other staff members to provide Plaintiff with his meal and withheld Plaintiff's meal.  See id.

Plaintiff further alleges in Claim II that, in January 2021, Defendant Lynch "unreasonably disapproves" his grievances.  See id. at 15.

/ / /

/ / /

/ / /

/ / /

Plaintiff contends in Claim III that, following the above-referenced events, Defendants continued to tamper with his food. See id. at 16.  Plaintiff alleges the following specific instances of such continued conduct:

> 1. On February 4, 2021, February 5, 2021, and February 13, 2021, Defendant Archie refused to allow another staff member to provide Plaintiff his meal and withheld his meal. See id. at 16-17.
>
> 2. On February 6, 2021, Defendant Strickland provided Plaintiff with poisoned food. See id. at 17.
>
> 3. On February 20, 2021, Defendants Rios and Campbell provided Plaintiff with poisoned food. See id.

Plaintiff also claims in Claim III that Defendants Darling, Stuhr, Smith, Vitale, Konrad, and Lynch failed to prevent the conduct alleged to have been committed by subordinates. See id. at 18.  Plaintiff also claims that Defendant Lynch "unreasonably disapproved" his inmate grievances concerning alleged acts of further retaliation by staff.  See id.

Finally, Plaintiff claims that, on February 26, 2021, Defendant Stigelmayer acted against policy governing canteen restrictions and deprived Plaintiff of his monthly $60 canteen draw for 90 days.  See id. at 19.

## II.  DISCUSSION

The Court finds that the second amended complaint states potentially cognizable claims against Defendants Rios, Campbell, Karschner, Mayhew, Nguyen, Dhillion, Davis, Mascadri, Archie, and Strickland based on Plaintiff's Eighth Amendment claims of various instances of providing Plaintiff with contaminated food, refusing to allow other staff to provide uncontaminated meals, and/or withholding meals.  The Court is prepared to direct service of the second amended complaint on these defendants.  The second amended complaint, however, is defective as to Defendants Darling, Stuhr, Smith, Vitali, Konrad, and Lynch for failure to allege sufficient facts to establish the liability of these defendants, who are supervisory personnel. Finally, as to Defendants Anderson and Stigelmayer, the Court finds that the second amended complaint fails to state a claim based on Plaintiff's allegations that these defendants denied Plaintiff canteen privileges for 90 days.

Plaintiff will be provided an opportunity to amend should he wish to continue to pursue claims against Defendants Darling, Stuhr, Lynch, Smith, Vitali, Konrad, Anderson, and Stigelmayer. If no third amended complaint is filed within the timed provided therefor, the Court will direct service of the second amended complaint on Defendants Rios, Campbell, Karschner, Mayhew, Nguyen, Dhillion, Davis, Mascadri, Archie, and Strickland.

### A. Supervisor Liability

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

///

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here, Plaintiff alleges that Defendants Darling, Sturh, Lynch, Smith, Vitali, and Konrad, who are all alleged to be supervisory personnel, are liable for failing to prevent the conduct of subordinates. As explained above, supervisory personnel cannot be held liable under § 1983 on the theory that they are responsible for subordinates. Rather, Plaintiff must allege the personal involvement of each supervisory defendant, which Plaintiff has not done in the second amended complaint. Plaintiff will be provided leave to amend.

**B.     Denial of Canteen Privileges**

Plaintiff claims that Defendants Anderson and Stigelmayer violated Plaintiff's rights by denying him canteen privileged for 90 days. Prisoners, however, possess no constitutional right to canteen privileges. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of § 1983 claim for denial of prison canteen products because "[t]here is no constitutional right to such items"); see also Rahman X v. Morgan, 300 F.3d 970, 973-74 (8th Cir. 2002).

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  August 28, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9