1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11

CUONG HUY DAO,                                    No.  2:23-CV-1242-KJM-DMC-P

12

               Plaintiff,

13

      v.                                                    <u>ORDER</u>

14

DUSTIN CAMPBELL, et al.,

15

               Defendants.

16

17

          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18

42 U.S.C. § 1983.  Pending before the Court is Plaintiff's third amended complaint, ECF No. 16.

19

          The Court is required to screen complaints brought by prisoners seeking relief

20

against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21

§ 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22

initiated even if the litigant was subsequently released from custody.  <u>See</u> <u>Olivas v. Nevada ex rel.</u>

23

<u>Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24

portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25

be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u>

26

28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

27

complaints contain a ". . . short and plain statement of the claim showing that the pleader is

28

entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1  concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

2  Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

3  of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

4  1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

5  overt acts by specific defendants which support the claims, vague and conclusory allegations fail

6  to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

7  required by law when the allegations are vague and conclusory.

8

9  ## I. BACKGROUND

10  ### A.    Procedural History

11  Plaintiff initiated this action with a pro se complaint filed on June 28, 2023. See

12  ECF No. 1. On July 14, 2023, before the Court could address the sufficiency of Plaintiff's

13  complaint, Plaintiff filed a first amended complaint as of right. See ECF No. 9. On May 20, 2024,

14  the Court issued an order dismissing the first amended complaint with leave to amend. See ECF

15  No. 13. On June 17, 2024, Plaintiff filed a second amended complaint asserting claims against

16  eighteen Defendants. See ECF No. 14. On August 29, 2024, the Court issued an order finding that

17  Plaintiff's complaint pled cognizable claims against ten of the Defendants but failed to assert

18  cognizable claims against the remaining eight Defendants. See ECF No. 15. The Court gave

19  Plaintiff leave to amend to cure the deficiencies identified by the order. See id. On September 30,

20  2024, Plaintiff filed his third amended complaint. See ECF No. 16.

21  ### B.    Plaintiff's Allegations

22  Plaintiff's third amended complaint copies the language of the Court's August 29,

23  2024, order that Plaintiff's "second amended complaint states potentially cognizable claims

24  against Defendants Rios, Campbell, Karschner, Mayhew, Nguyen, Dhillion, Davis, Mascadri,

25  Archie, and Strickland." Id. at 2. Plaintiff's third amended complaint further repeats the Court's

26  order that "[t]he second amended complaint, however, is defective as to Defendants Darling,

27  Stuhr, Smith, Vitali, Konrad, and Lynch" and "as to Defendants Anderson and Stigelmayer." Id.

28  Plaintiff's third amended complaint then proceeds to articulate claims against the latter set of

1  Defendants—Darling, Stuhr, Smith, Vitali, Konrad, Lynch, Anderson, and Stigelmayer—

2  reflecting Plaintiff's stated "wish to continue to pursue claims against supervisory defendants."

3  See id. at 3-9. Plaintiff's third amended complaint does not refer to the first set of Defendants—

4  Rios, Campbell, Karschner, Mayhew, Nguyen, Dhillion, Davis, Mascadri, Archie, and

5  Strickland—except in passing by noting that some of these Defendants were subordinate to and/or

6  under the control of the supervisory defendants. See, e.g., id. at 4.

7

8                              **II.  DISCUSSION**

9         The Court finds that the third amended complaint is not complete and would

10  require the Court to impermissibly refer to another pleading in order to make it complete. Plaintiff

11  will be provided an opportunity to amend to include all his allegations as against all Defendants.

12         An amended complaint supersedes the original complaint. See Ferdik v. Bonzelet,

13  963 F.2d 1258, 1262 (9th Cir. 1992). If a plaintiff amends the complaint, the Court cannot refer to

14  the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220.

15  An amended complaint must be complete in itself without reference to any prior pleading. See id.

16  Plaintiff's amended complaint must, therefore, allege in specific terms how each named

17  defendant is involved and must set forth some affirmative link or connection between each

18  defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

19  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20         In his third amended complaint, Plaintiff fails to allege in specific terms how

21  Defendants Rios, Campbell, Karschner, Mayhew, Nguyen, Dhillion, Davis, Mascadri, Archie, and

22  Strickland are involved. Instead, Plaintiff's third amended complaint merely seeks to incorporate

23  by reference Plaintiff's second amended complaint by quoting verbatim the Court's order finding

24  that the second amended complaint stated potentially cognizable claims against these Defendants.

25  Plaintiff will be directed to file a complete third amended complaint.

26  ///

27  ///

28  ///

3

1

### III. CONCLUSION

2         Because it is possible that the deficiencies identified in this order may be cured by

3    amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d

4    1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is cautioned to take careful note of the above

5    mentioned rules governing amended complaints, namely, that an amended complaint supersedes

6    the original complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992), that the Court

7    cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete, see

8    Local Rule 220, and that an amended complaint must be complete in itself without reference to

9    any prior pleading. See id.

10        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

11   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See

12   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

13   each named defendant is involved and must set forth some affirmative link or connection between

14   each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167

15   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16        Notwithstanding Plaintiff's request that the Court proceed with Plaintiff's second

17   amended complaint should the Court find that his third amended complaint fails to allege any

18   cognizable claims against the supervisory defendants, see ECF No. 16, at 10, Plaintiff is

19   cautioned that, if a further amended complaint does not include the allegations previously found

20   to be cognizable in the second amended complaint, the Court will deem those claims abandoned

21   and proceed only as to those claims outlined in the amended pleading. If no amended complaint is

22   filed within the time allowed therefor, the Court will proceed only as to those claims outlined in

23   the third amended complaint.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

4

1         Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a fourth amended

2  complaint within 30 days of the date of service of this order.

3  Dated:  February 6, 2025

4  

5  DENNIS M. COTA
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28